IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DWAYNE HENRY,
   Plaintiff,
  v.          Case No. 3:11-cv-17-KRG-KAP
HEATHER MOORE,
   Defendant

## Report and Recommendation

### Recommendation and Order

  Defendant's motion to dismiss, docket no. 17, should be granted. The plaintiff's motion to amend the complaint again, docket no. 19, is denied; plaintiff's current motion for counsel, docket no. 22, is denied because there is no colorable claim for counsel to develop; plaintiff's motion for an order directing the defendant to file an answer, docket no. 23, is denied as meritless.

### Report

  Plaintiff Henry filed the complaint in this matter in 2011, while he was at S.C.I. Houtzdale serving a 7½ - 15 year sentence imposed by the Court of Common Pleas of Philadelphia County. Previously, while at Houtzdale in 2010, Henry filed a complaint which was dismissed for failure to state a claim on which relief could be granted. <u>Henry v. Britton</u>, Case No. 3:10-cv-204-KRG-KAP (W.D.Pa. August 31, 2010). Henry alleges that at about the same time that order was entered in <u>Henry v. Britton</u> he attempted suicide and was transferred from Houtzdale to S.C.I. Rockview for about 45 days, from August 30, 2010 to October 13, 2010. When Henry came back to Houtzdale he was in a psychiatric observation cell from October 13, 2010 to October 28, 2010. Henry alleges that

he received no mail during these periods, one piece of which would have been notice of a preliminary hearing before District Justice James Hawkins on October 28, 2010, for criminal conduct that took place at Houtzdale before Henry's transfer. Hawkins was not represented by counsel at his preliminary hearing and Hawkins allegedly refused to continue the hearing to obtain counsel for Henry. Henry subsequently was represented by appointed counsel in a bench trial before Judge Paul Cherry and was found guilty on April 7, 2011, of possession of a prohibited offensive weapon and disorderly conduct. Judge Cherry sentenced Henry on May 24, 2011, to 21-48 months imprisonment, consecutive to the sentence Henry was already serving. The appeal of that conviction is pending before the Pennsylvania Superior Court.

Henry's complaint, as amended, seeks money damages from defendant Moore, the mailroom supervisor at Houtzdale, on the theory that by not forwarding the order dismissing <u>Henry v. Britton</u> on August 31, 2010, and the notice of his preliminary hearing and application for counsel that Hawkins allegedly sent Henry on September 30, 2010, Moore caused Henry legal harm.

I advised Henry almost eleven months ago that as to the first count he had not alleged the loss of any legal right as a result of the alleged failure to forward his mail, and that if

Henry has a meritorious claim at <u>Henry v. Britton</u>, if Henry wishes to pursue the matter can file a motion in that case asserting that he failed to file a timely appeal because he had not received his mail. If Henry proves that is true, that is an adequate reason to

2

vacate the judgment under Fed.R.Civ.P. 60(b)(6), and the judgment in <u>Henry v. Britton</u> can be vacated and reinstated to preserve any right to appeal Henry wishes to exercise. Henry is reminded that he still must pay the filing fees as well as the appeal fees in <u>Henry v. Britton</u>.

docket no. 4. Henry never sought to re-open <u>Henry v. Britton</u>. Henry cannot sue Moore for damages caused by Henry's inaction.

As for the second count of Henry's amended complaint, which I ordered served, the motion to dismiss makes it clear that Henry has no claim for two reasons. First, if Moore's failure of notice somehow led to the prosecution of Henry violating Henry's constitutional rights, then Henry's complaint is premature because his claim would imply the invalidity of his conviction and the sentence that Judge Cherry imposed. Because Henry's conviction is on appeal, and he has not established that his conviction was unconstitutional, this suit is premature and therefore barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

Second, as I already advised Henry, the amended complaint does not allege that Hawkins did or could have disposed of the charges to Henry' legal detriment because a preliminary hearing is, by definition, a preliminary step, one that neither finally acquits or finally convicts. Hawkins' alleged failure to grant a continuance of the preliminary hearing did not change the fact that Henry was in prison before the hearing, and would have continued to be in prison regardless of what happened at the preliminary

hearing. Henry alleges no legal loss as a result of Hawkin's failure to continue his hearing.

As to both counts, Henry appears to believe that any failure to deliver the mail would subject Moore to liability. That is incorrect. Even if Moore were aware that Henry was not receiving his mail, "not every official who is aware of a problem exhibits indifference by failing to resolve it." Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir.1989). See also Johnson v. Attorney General, 187 Fed.Appx. 154, 157 (3d Cir.2006)(inmate whose appeal was dismissed because prison personnel failed to mail it on time had no federal claim because he failed to show defendants "intentionally or deliberately prevented his mail from being accurately dated.") Henry alleges no facts that would permit an inference even that Moore knew Hawkins would deny Henry a continuance of his preliminary hearing, much less an inference that Moore knew her actions would cause such a result. The amended complaint should be dismissed. Under Grayson v. Mayview State Hospital, 293 F.3d 103 (3d Cir.2002), plaintiff is not given leave to amend his complaint again because any foreseeable amendment will not cure the defects in Henry's amended complaint and because it is inequitable for defendants to have to hit a constantly moving target.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 7 March 2012

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

    Dwayne Henry GY-8569
    S.C.I. Graterford
    P.O. Box 244
    Graterford, PA 19426-0244